LOVE, J.,
concurs in part and dissents in part.
LI concur in part and dissent in part.
I agree with the majority’s opinion to reject Mr. Smith’s argument that the prosecution failed to present to the jury sufficient evidence to prove beyond a reasonable doubt the essential elements of the crime of attempted manslaughter. I also agree with the majority’s finding of no reversible error as it relates to Mr. Smith’s motions for mistrial and the majority’s finding that the sentence imposed by the district court judge was not an abuse of discretion and did not exceed the constitutional limit.
I respectfully dissent, however, with the majority’s determination that Mr. Smith failed to preserve for appellate review his back-strike claim. The majority is correct to acknowledge that the trial court’s refusal to allow Mr. Smith to exercise his statutory right to back-strike at any time before the jury panel is sworn was error. Where I disagree with the majority is in its attempt to create a new standard of review for addressing a defendant’s claim of an erroneous restriction of his right to back-strike.
The majority states that in order to preserve a back-strike claim for appellate review the defendant must prior to the swearing in by the court of the full complement of jurors identify the specific jurors whom he would have challenged, |2but for the trial court’s ruling. The majority’s reliance on State v. Hailey, 02-1738, (La.App. 4 Cir. 9/17/03), 863 So.2d 564, to reach its conclusion is misguided.
In Hailey, the defendant did not allege a particular juror he would have backstruck until the hearing on the motion for new trial. Id. at 02-1738 p. 6, 863 So.2d at 567. Similarly, the defense counsel in State v. Crotwell, upon which Hailey relies, did not point to any juror he would have back-struck during the jury selection process or at its conclusion. Crotwell, 00-2551, p. 14 (La.App. 1 Cir. 11/9/01), 818 So.2d 34, 45. Moreover, in State v. Taylor, the defense counsel did not allege any particular juror he would have backstruck until oral argument. Taylor, 93-2201, p. 25 (La.2/28/96), 669 So.2d 364, 377. In all these cases, the court applied a harmless error standard, and notably absent from their holdings is the requirement that the defendant must identify specific juror(s) he would have backstruck in order to preserve the issue on appeal. After careful review of Hailey and the cases it relies upon, I am convinced the language of Hailey, which the majority cites, is merely dicta, and cannot be used to reach the majority’s conclusion.
Further, the Second Circuit Comet of Appeal previously addressed the right to exercise peremptory challenges and preservation of the issue for appellate review.[1] See State v. Goldman, 45, 293 (La.App. 2 Cir. 6/23/10), 41 So.3d 642, rev’d on other grounds sub nom. State v. Nelson, 2010-1724 (La.3/13/12), 85 So.3d 21. In Goldman, although the defendants made no objection to the jury selection process at the exact time the judge made its ruling, the defendants had earlier objected to any limitation of their right to exercise peremptory challenges. Id. 45, 293 at p. 10, 41 So.3d at 651. The court determined that such an objection was sufficient to preserve the issue for appellate review.
IsEven this court stated in State v. Lewis, that in order to preserve issues concerning the jury for appellate review, the defendant “cannot [raise the issue] for the first time in a motion for new trial absent *392 a pre-verdict objection.” Lewis, 10-1775, p. 9 (La.App. 4 Cir. 4/4/12), 96 So.3d 1165, 1172 (Defendant argued that the trial court erred when it denied him the right to use a “reserved” back-strike on a provisionally accepted juror).
Much like Goldman and Lewis, Mr. Smith objected to the trial court’s limitation of his right to exercise his peremptory challenges prior to the verdict in this case, thus preserving the issue for appellate review. A defendant need not bear an additional burden of identifying specific jurors whom he would have challenged. To impose the added burden will cause defendants in this circuit to be treated differently than those in other circuits, a result our constitution does not intend. Additionally, I have found no caselaw from other circuits that have adopted the standard the majority creates.
Furthermore, the majority’s conclusion for preserving appellate review on a back-strike issue is being applied retroactively to this defendant, which affects his substantive rights.
In light of the foregoing, I find that Mr. Smith properly preserved his back-strike claim for appellate review. Thus, Mr. Smith’s claim is subject to a harmless error analysis. Hailey, supra, 02-1738 at p. 5, 863 So.2d at 567; Crotwell, supra, 00-2251 at p. 14, 818 So.2d at 44; Taylor, supra, 93-2201 at p. 26, 669 So.2d at 378. Pursuant to La.C.Cr.P. Art. 921, “a judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.”
In this case, Mr. Smith contends he would have excluded two jurors. The first being Robert Bartlett, whom the defendant said he would have excused because Bartlett was an engineer. The defendant offers no reasons why he feels that Bartlett was objectionable or |4that Bartlett otherwise viewed Mr. Smith’s case unfavorably. Answering defense counsel’s query, Bartlett said that the absence of a weapon in this case would not prevent him from rendering a verdict. Bartlett also said that from his perspective of having testified as an expert witness, he understood that there are legitimate reasons why people would be reluctant to testify. Nothing in Bartlett’s responses in voir dire suggest he would have been an unfavorable juror for the defense.
Mr. Smith also contends but for the trial court’s refusal to allow him to exercise his right to back-strike he would have struck Willie Mingo. Mr. Smith avers that he would have struck Mingo because he “voted guilty on a prior attempted murder case.”
The defendant misconstrues Mingo’s voir dire responses. Mingo did not say he voted guilty on a prior attempted murder case, rather he stated that the jury he served on voted guilty. The following exchange occurred between the prosecutor and Mingo regarding his prior jury service:
Prosecutor: How many of you have served on a jury before?
Mingo: ... One Criminal and one civil.
Prosecutor: And what was the defendant charged with in the criminal case?
Mingo: Attempted murder.
Prosecutor: And what was the jury’s verdict?
Mingo: Guilty.
The admission of prior jury service alone does not indicate that Mr. Smith was prejudiced by Mingo’s inclusion in the jury.
Considering the facts and circumstances of this case, the defendant has failed to show that he was prejudiced by the trial *393 court’s ruling on back-striking | ¿jurors and, that but for the inability to back-strike Bartlett and Mingo, there is a reasonable probability that the outcome of the trial would have been different.
Finally, the majority’s conclusion that to properly preserve the issue for appellate review one must identify which juror(s) he would have backstruck prior to the swearing in of the full complement of the jurors, suggests that we are to ignore our role as an error correcting court. Wooley v. Lucksinger, 2009-0571, p. 51 (La.4/1/11), 61 So.3d 507, 555; Lasyone v. Kansas City Southern Railroad, 00-2628, p. 6 (La.4/3/01), 786 So.2d 682, 689. As an appellate court, we are bestowed with the duty to review trial court rulings and correct any injury caused by the trial court’s error. Thus, by creating a new standard for preserving a defendant’s back-strike claim, I believe the majority is over-stepping the bounds of our authority as an appellate court. For these reasons, I respectfully dissent in the majority’s determination that Mr. Smith failed to preserve his back-strike claim for appellate review.

. "Backstriking is a party’s exercise of a peremptory challenge to strike a prospective juror after initially accepting him.” Hailey, supra, 02-1738 at p. 4, 863 So.2d at 567.